ALEXANDER T. COMPTON, Respondent, *v.* THE CHELSEA, Appellant.

*Ejectment — a new trial under section 1525 of the Code of Civil Procedure, denied where another cause of action is joined with that in ejectment.*

To entitle a plaintiff to the right to a new trial given by section 1525 of the Code of Civil Procedure in actions of ejectment, his action must be clearly one of ejectment only.

If two causes of action are united so that the action may either be an action of ejectment or an action for forcible entry and detainer, the extraordinary privilege of obtaining a new trial under section 1525, which pertains to the action of ejectment and which does not belong to the action of forcible entry and detainer, cannot be taken advantage of by the plaintiff in case of defeat.

A plaintiff, after judgment had been recovered against him, applied, under section 1525 of the Code of Civil Procedure, for a new trial of an action in which the complaint alleged that the defendant held forcible possession of the premises of which the plaintiff had been in possession, and demanded treble damages.

*Held,* that this allegation and demand characterized the action as one for forcible entry and detainer; and, consequently, that the plaintiff was not entitled to a new trial.

APPEAL by the defendant, The Chelsea, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the city and county of New York on the 19th day of May, 1893, as vacated a judgment entered upon a verdict in favor of the defendant and granted the plaintiff a new trial under section 1525 of the Code of Civil Procedure.

*W. H. Shepard*, for the appellant.

*A. T. Compton*, respondent, in person.

VAN BRUNT, P. J.:

It is undoubtedly true that upon the previous appeals this action has been characterized as an action of ejectment, and this probably arose, not from an examination of the pleadings, but because of the manner in which it was treated by counsel in their presentation of the questions involved to the court, it being of little moment in respect to the result desired, as to whether it was an action of ejectment, or an action for forcible entry and detainer.

Upon this motion, however, it becomes important to consider the question whether the action is really simply one of ejectment.

If it is an action which may be an action in ejectment, or an action for forcible entry and detainer, it seems to be manifest that the extraordinary privileges which pertain to the action of ejectment, and which do not belong to the action of forcible entry and detainer, cannot be availed of by the plaintiff in case of defeat, the familiar rule being that where two causes of action are united, to one of which only peculiar remedies belong, the right to such remedies in such action is lost.

Upon examining the complaint in the case at bar it would seem that it is exceedingly doubtful whether the complaint contains such allegations as are proper to an action of ejectment, and it seems also to be certain that the pleader in framing the complaint, did so upon the theory that he was bringing an action for forcible entry and detainer, and for that only; because he alleges that the defendants hold forcible possession of the premises of which the plaintiff had been in possession, and he also demands treble damages, to which he had a right if he established his action of forcible entry and detainer, and to which he would have no right if his action were one of ejectment.

We think that the plaintiff should be bound by this plain characterization of his action, and that it must be considered to have been an action for forcible entry and detainer, and that, therefore, the plaintiff was not entitled as matter of right to a new trial.

It follows, therefore, that the order should be reversed, with ten

dollars costs and disbursements, and the motion denied, with ten dollars costs.

Follett and Parker, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

---

In the Matter of the Application of The Manhattan Railway Company, Respondent, *v.* John L. Stroub, Appellant, Relative to Acquiring Title to Certain Real Property in the City and County of New York.